UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:13-CR-21-TAV-JEM |
| PAUL DELUDE, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the matter of the Government's request to garnish the wages of Defendant Paul Delude. 28 U.S.C. § 636(b). Following a guilty plea to conspiracy to commit arson, Defendant received a sentence that included restitution in the amount of $1,300,000 [Doc. 50 pp. 1, 5]. The Judgment states that the restitution is "due immediately" and is owed "Joint and Several" with Jesse Clyde Lee[1] in case number 3:14-CR-137 [*Id*. at 6].

On January 28, 2025, the Government filed an Application for Writ of Continuing Garnishment, requesting a writ of continuing garnishment for Defendant Delude's wages from his employer Aeroflex USA, Inc. [Doc. 56 p. 1]. According to the Application, Defendant is indebted for $1,300,000 in restitution, has paid $11,901.76, and has an unpaid balance of $1,288,198.24 as of January 23, 2025 [*Id*. at 1–2]. Attached to the Application is a proposed writ and a Notice containing instructions to Defendant and his employer on requesting a hearing and filing an answer [Doc. 56-1].

---

[1] Jesse Clyde Lee entered a guilty plea to procuring the arson of a building while aided and abetted by another, and he received a sentence that included restitution in the amount of $4,771,829.45 [No. 3:14-CR-137, Doc. 16 p. 1, 5]. Defendant Lee's restitution is not jointly and severally owed [*Id*. at 6].

The requested Writ of Continuing Garnishment and attached Notice issued on January 29, 2025 [Doc. 57]. The Writ and Notice list Defendant's current balance on his restitution as $1,288,198.24 [*Id*. at 1, 4]. The instructions contained in the Notice advise Defendant that he "ha[s] the right to ask the court to return [his] property to [him] if [he] think[s he does] not owe the money to the plaintiff [United States] that it claims [he owes]" [*Id*. at 5]. The instructions further advise that Defendant may request a hearing by checking the appropriate blank on the enclosed form and returning it within twenty days of his receipt of the Notice from the Government [*Id*. at 5, 8 (form)]. According to the Notice, "[a]t the hearing [Defendant] may explain to the judge why [he] think[s] that [he] do[es] not owe the money to the government or why [he] think[s] that the property which the government is taking qualifies for an exemption" and that Defendant "should bring to court any documents which may help to prove your case" [*Id*. at 6].

Defendant was served with the Writ and Notice on February 27, 2025 [*See* Doc. 62, Process Receipt and Return]. On March 6, 2025, Defendant's employer returned the affidavit and answer of the garnishee [Doc. 58]. On March 12, 2025, Defendant returned the signed form from the Notice entitled Defendant's Request for Hearing, having placed a check mark in the blank in front of the statement "I do not believe I owe the Government the amount of money indicated in the Writ of Garnishment" and leaving blank the option for claiming an exemption [Doc. 59].

On March 18, 2025, the Government filed a Motion for Order of Continuing Garnishment and Response to Defendant's Request for a Hearing [Doc. 60]. The Government asks the Court to order garnishment pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205 [*Id*. at 1]. The Government states that Defendant Delude should be ordered to pay $1,300,000 in restitution and that this restitution obligation is joint and several [*Id*. at 1–2]. According to the motion, $93,880.70 in joint and several payments have been made as of the filing

of the motion, of which Defendant has paid $12,051.76 [*Id*. at 2]. Thus, the Government states that Defendant owes a "current restitution balance" of $1,206,119.30, which "include[es] all joint and several payments" [*Id*.]. The Government argues that Defendant "is not entitled to a hearing as he has not raised a claim of exempt property or alleged that the United States failed to comply with any procedural requirement of the Writ" [*Id*. at 4]. Thus, it asks the Court to deny Defendant's request for a hearing and order the garnishment as requested [*Id*.]. The Government's motion does not reflect that a copy of the motion was sent to Defendant Delude [*See id*. at 5].

On April 10, 2025, United States District Judge Thomas A. Varlan referred Defendant's Request for a Hearing and the Government's Motion for Order of Continuing Garnishment to the undersigned for determination or recommendation as appropriate [Doc. 63]. *See* 28 U.S.C. § 636(b).

Garnishment is one of the remedies the Government may use to enforce a judgment. 28 U.S.C. § 3202; *see also* 28 U.S.C. § 3235(a). By statute, the Government must provide notice to the "judgment debtor" that it is seeking garnishment. *Id*. at § 3202(b). The Government's notice must include information that the judgment debtor can request a hearing if the judgment debtor believes either that the property the Government seeks is exempt or if the judgment debtor believes that he or she "does not owe the money" the Government claims is owed. *Id*. The judgment debtor must request the hearing in writing within twenty days of receiving the Government's notice. *Id*. The Government's notice must also inform the judgment debtor that at the hearing, he may explain to the judge why he believes he does not owe the money to the Government. *Id*.

Here, the Government served Defendant Delude with the Notice required by the statute, and Defendant timely submitted his request for a hearing. Accordingly, the Court finds that Defendant has complied with the statutory requirements for a hearing. As the Government notes

3

[Doc. 60 p. 3], the issues the Court may examine at the hearing are limited by statute. 28 U.S.C. § 3202(d). As relevant here, the Court may consider "compliance with any statutory requirement for the issuance of the post-judgment remedy granted[.]"[2] *Id*. at § 3202(d)(2). The Government argues that Defendant has not asserted that it "failed to follow any procedural requirement regarding the Writ of Garnishment process" [Doc. 60 p. 4]. Yet, both § 3202(b)'s notice requirements and the actual Notice provided here [Doc. 57 p. 6] state that Defendant may explain at the hearing why he does not think he owes the money the Government says he owes. Defendant requested a hearing on the form provided by the Government, which does not direct him to provide the basis for his allegation that he does not owe the amount asserted by the Government [*See* Doc. 59].

Moreover, a discrepancy in the outstanding restitution balance is apparent from the Government's filings. The outstanding balance of the restitution still owed by Defendant in the Writ and Notice ($1,288,198.24) [Doc. 57 pp. 1, 4] differs from the amount stated in the Government's motion ($1,206,119.30) [Doc. 60 p. 2] by more than $82,000. The Writ and Notice do not include the payments made by all parties jointly and severally liable for restitution.[3] *See* 28 U.S.C. § 3205(b)(1)(B) (requiring that the writ of garnishment state "the nature and amount of the debt owed").

---

[2] The Court may also consider a claim of exemption or other matters related to default judgments. 28 U.S.C. § 3202(d)(1), (3). But Defendant is not claiming an exemption, nor has there been a default judgment. Thus, these provisions do not apply.

[3] The outstanding balance of restitution in the Writ and Notice also do not include a $250 payment made by Defendant Delude on February 24, 2025, after the Writ and Notice were issued [*See* Doc. 60-1 p. 5]. This $250 payment accounts for the difference between the total amount paid by Defendant Delude in the Notice ($11,901.76) [Doc. 57 p. 1] and the motion ($12,051.76) [Doc. 60 p. 2].

4

The Court finds Defendant Delude has appropriately requested a hearing on the amount of restitution he owes the Government that is subject of the Writ of Continuing Garnishment. Accordingly, the Court **ORDERS** as follows:

(1) the Government and Defendant Paul Delude **SHALL APPEAR** before the undersigned United States Magistrate Judge in courtroom 3A of the Howard H. Baker, Jr., United States Courthouse, 800 Market Street, Knoxville, Tennessee 37902, for a hearing on **May 28, 2025, at 11:00 a.m.**;

(2) the hearing is limited to the issue of whether Defendant owes the amount of money indicated in the Writ of Garnishment;

(3) as previously instructed in the Notice, Defendant should bring to the hearing any documents that may help prove his position;

(4) the Clerk of Court is **DIRECTED** to mail to Defendant Delude at the return address on his Request for a Hearing [Doc. 59-1] a copy of the Government's Motion for Order of Continuing Garnishment and Response to Defendant's Request for Hearing [Doc. 60] and attachments;

(5) if Defendant Delude agrees with the amount of outstanding restitution that the Government states on page 2 of its motion ($1,206,119.30) and no longer seeks a hearing on this matter, Defendant may personally deliver or mail a letter to the Court at the address listed above stating that he is no longer requesting a hearing, which must be **received** on or before **May 22, 2025**, for the Court to cancel the hearing; and

(6) the Clerk of Court is further **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Paul Delude at the return address listed on Document 59-1.

**IT IS SO ORDERED**.

ENTER:

*/s/ Jill E. McCook*
Jill. E. McCook
United States Magistrate Judge

5