UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:13-CR-21-TAV-JEM |
| ) | |
| PAUL DELUDE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned on the matter of the Government's request to garnish the wages of Defendant Paul Delude. 28 U.S.C. § 636(b). Following a guilty plea to conspiracy to commit arson, Defendant received a sentence that included restitution in the amount of $1,300,000 [Doc. 50 pp. 1, 5]. The Judgment states that the restitution is "due immediately" and is owed "Joint and Several" with Jesse Clyde Lee[1] in case number 3:14-CR-137 [*Id*. at 6].

On January 28, 2025, the Government filed an Application for Writ of Continuing Garnishment, requesting a writ of continuing garnishment for Defendant Delude's wages from his employer Aeroflex USA, Inc. [Doc. 56 p. 1]. According to the Application, Defendant is indebted for $1,300,000 in restitution, has paid $11,901.76, and has an unpaid balance of $1,288,198.24 as of January 23, 2025 [*Id*. at 1–2]. Attached to the Application is a proposed writ and a Notice containing instructions to Defendant and his employer on requesting a hearing and filing an answer [Doc. 56-1].

---

[1] Jesse Clyde Lee entered a guilty plea to procuring the arson of a building while aided and abetted by another, and he received a sentence that included restitution in the amount of $4,771,829.45 [No. 3:14-CR-137, Doc. 16 p. 1, 5]. Defendant Lee's restitution is not jointly and severally owed [*Id*. at 6].

The requested Writ of Continuing Garnishment and attached Notice issued on January 29, 2025 [Doc. 57]. The Writ and Notice list Defendant's current balance on his restitution as $1,288,198.24 [*Id*. at 1, 4]. The instructions contained in the Notice advise Defendant that he "ha[s] the right to ask the court to return [his] property to [him] if [he] think[s he does] not owe the money to the plaintiff [United States] that it claims [he owes]" [*Id*. at 5]. The instructions further advise that Defendant may request a hearing by checking the appropriate blank on the enclosed form and returning it within twenty days of his receipt of the Notice from the Government [*Id*. at 5, 8 (form)]. According to the Notice, "[a]t the hearing [Defendant] may explain to the judge why [he] think[s] that [he] do[es] not owe the money to the government or why [he] think[s] that the property which the government is taking qualifies for an exemption" and that Defendant "should bring to court any documents which may help to prove your case" [*Id*. at 6].

Defendant was served with the Writ and Notice on February 27, 2025 [*See* Doc. 62, Process Receipt and Return]. On March 6, 2025, Defendant's employer returned the affidavit and answer of the garnishee, stating that it would collect $166.375 from Defendant's weekly paycheck (and potentially more if Defendant earned overtime pay) beginning on March 7, 2025 [Doc. 58 p. 4]. On March 12, 2025, Defendant returned the signed form from the Notice entitled Defendant's Request for Hearing, having placed a check mark in the blank in front of the statement "I do not believe I owe the Government the amount of money indicated in the Writ of Garnishment" and leaving blank the option for claiming an exemption [Doc. 59].

On March 18, 2025, the Government filed a Motion for Order of Continuing Garnishment and Response to Defendant's Request for a Hearing [Doc. 60]. The Government asks the Court to order garnishment pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3205 [*Id*. at 1]. The Government states that Defendant Delude should be ordered to pay

2

$1,300,000 in restitution and that this restitution obligation is joint and several [*Id*. at 1–2]. According to the motion, $93,880.70 in joint and several payments have been made as of the filing of the motion, of which Defendant has paid $12,051.76 [*Id*. at 2]. Thus, the Government states that Defendant owes a "current restitution balance" of $1,206,119.30, which "include[es] all joint and several payments" [*Id*.].

On April 10, 2025, United States District Judge Thomas A. Varlan referred Defendant's Request for a Hearing and the Government's Motion for Order of Continuing Garnishment to the undersigned for determination or recommendation as appropriate [Doc. 63]. *See* 28 U.S.C. § 636(b). For reasons stated in a Memorandum and Order, dated April 28, 2025 [Doc. 64], the Court scheduled an evidentiary hearing to address whether Defendant owes the amount of money indicated in the Writ of Garnishment.

The parties appeared for the evidentiary hearing on May 28, 2025. Assistant United States Attorney Daniel Nugent appeared on behalf of the United States, and Paul Delude appeared representing himself. Prior to the hearing, the parties presented a proposed agreed order of garnishment, which the undersigned made an exhibit to the hearing [Exh. 1].[2] In the proposed order, the parties represent that Defendant Delude has paid a total of $12,151.76 toward his debt and that he is indebted to the United States and owes a remaining balance of $1,205,950.58, as of May 28, 2025 [*Id*. at 1]. Defendant agrees that his wages are subject to garnishment under 28 U.S.C. § 3205, agrees to the entry of an Agreed Order of Garnishment, and he further agrees that the Garnishee, Aeroflex USA Inc., will pay $300 monthly to the United States from Defendant

---

[2]    Following the May 28 hearing, the Government filed the United States of America's Motion for Approval of Agreed Order of Garnishment [Doc. 66], attaching the Agreed Order of Garnishment [Doc. 66-1].

3

Delude's earnings until the balance is paid and satisfied [*Id*. at 1–2].[3] Defendant further agrees that the Garnishee shall remit to the United States Attorney's Office $300 per month from Defendant's earnings that should have been garnished since service of the Writ of Continuing Garnishment on February 27, 2025 [*Id*. at 2].

The undersigned confirmed that each party agreed to the representations set forth in the proposed order. In doing so, AUSA Nugent represented that the agreed plan provides Defendant Delude with savings, as he would otherwise be subject to a twenty-five percent garnishment amount. Defendant Delude agreed to the remaining debt amount of $1,205,950.58, although he noted the amount is a joint and several liability. He also agreed that his wages will be garnished in the amount of $300 per month, going back to February 27, 2025. And he agreed that he has paid $12,151.76 toward his debt. Finally, Defendant stated that he had nothing else to present at the hearing if the Court saw fit that his wages be garnished instead of him paying the Government directly, leaving his employer harmless.

The undersigned **GRANTED** Defendant Delude's request for a hearing [**Doc. 59**; *see* Doc. 64] and held the hearing on May 28, 2025. Based upon the parties' agreed order and the representations at the hearing, and because the Government has filed a Motion for Approval of Agreed Order of Garnishment [Doc. 66], the undersigned **RECOMMENDS**[4] that the District

---

[3] The agreement directs that checks should be made payable to the "Clerk, U.S. District Court" and mailed to the U.S. Clerk of Court at the address provided in the agreement [Exh. 1 p. 3].

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). If a party has no objections, then that party may file a notice of no objections. Defendant shall mail or hand deliver his objections or notice of no objections to the Howard H. Baker, Jr., United States Courthouse, 800 Market Street, Knoxville, Tennessee 37902.

Judge **DENY AS MOOT** the Government's Motion for Order of Continuing Garnishment [Doc. 60]. The undersigned **further RECOMMENDS** that the District Judge enter the proposed agreed order of garnishment [Exh. 1; Doc. 66-1].

The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation to Defendant Paul Delude at the address listed on Document 59-1, which is also the addressed identified for Defendant Delude in the Government's motion for approval of the agreed order of garnishment [Doc. 66 p. 1], and **further DIRECTED** to email a copy of this Report and Recommendation to Defendant Paul Delude at the email address he provided to the Court after the May 28, 2025 hearing.

    Respectfully submitted,

*[Signature: Jill E. McCook]*

Jill E. McCook
United States Magistrate Judge

---

Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs*, 829 F.2d 1370, 1373 (6th Cir. 1987).

5